## VALIDITY OF THE ROAD DISTRICT ACT.

Circuit Court of Mahoning County.

ENSIGN E. HARDING v. FRANK AGNUE ET AL.

Decided, March 31, 1911.

*Constitutional Law—Road Districts and Commissioners.*

Sections 7095, *et seq.*, General Code, providing for road districts and the appointment of road commissioners and defining their duties, are constitutional.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to restrain the commissioners of road district No. 1 of Mahoning county from issuing bonds for the improvement of roads within said district. No fault is found with the regularity of the appointment of said commissioners or of any of their acts, but it is said that the acts under which they were appointed and are assuming to act, are unconstitutional.

These acts are now found in chapter 5, title 4, part 2 of the General Code, beginning at Section 7095.

The following are the various steps in the organization of a road district under the provisions of said chapter. Upon the filing of petitions from not less than two nor more than four townships in any county, signed by at least fifty tax-payers of each of said townships, asking for the improvement of the public roads of such township, the county commissioners pass resolutions and spread them upon their journal, and within ten days thereafter such townships become a road district. After the expiration of ten days the county commissioners notify the

trustees of the townships composing the alleged road district to place in nomination the names of suitable persons for road commissioners; from these names so placed in nomination, the county commissioners select a board of road commissioners; said board forthwith meets at the county seat and organizes by electing a president and secretary; their term of office is four years; before entering upon their duties they take an oath of office and give bond in the sum of $1,500; within ten days thereafter said board of road commissioners notify the board of deputy state supervisors of elections of the county of its organization and thereupon the board of elections of the county submit to the electors of the district the question of improving the roads of the district; if a majority of the votes cast at such election is against improvement of roads, the road commissioners can not assess a tax, and their duties cease.

There are these constitutional objections raised:

*First.* It is said that this act contravenes Section 1, Article II, of the Constitution, in that it confers legislative powers upon the electors of a road district; authorizes them to legislate a duly appointed board of road commissioners out of office. This does not appear upon the face of the act. No duties are imposed upon the commissioners until the people have voted to charge themselves with a general tax for improvement of the roads of that district. Hence, the people can not legislate them out of duties which they can not exercise before a vote.

In this case a favorable vote is shown by the petition and the point does not appear to be well taken.

*Second.* It is said that this law violates Article II, Section 20 of the Constitution in that it permits the electors of the district to fix the term of office of the commissioners, while said section requires that the Legislature shall fix the term of office of all officers.

We think the law has fixed the term at four years; if it provides for removal within that term, it is no different from many other statutes which provide for removal of officers within their terms for various reasons.

*Third.* It is claimed that this law does not conform to Section 18 of the Bill of Rights, which provides that "no power of

suspending laws shall ever be exercised except by the General Assembly.''

We see no such vice here.    It is a general enabling act, like the corporation statutes under which individuals may organize and dissolve corporations, and like the municipal code, under which municipal corporations may be created and dissolved.

*Fourth.*    It is said that road commissioners are either township or county officers, and so must be elected, as provided in the second and fourth sections of Article X of the Constitution.

We hold them to be district officers, and so not under this provision.    They are more nearly like the directors of public service, in cities.

Petition dismissed.